UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIGITTE BANKSTON | * | CIVIL ACTION NO. |
| AND BARRY BANKSTON | * | |
| | * | |
| VERSUS | | |
| | * | |
| ACE AMERICAN INSURANCE | * | |
| COMPANY, GREATWIDE DALLAS | * | |
| MAVIS, LLC AND JOHN BUCKNER | | |
| | * | . |

*************************************************************************

## **FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

Complainants invoke the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code.

The following named party is complainant herein, to-wit:

1. Brigitte Bankston, a person of full age and majority and domiciled in Tangipahoa Parish; and

2. Barry Bankston, a person of full age and majority and domiciled in Tangipahoa Parish.

The above named complainants respectfully represent as follows, to-wit:

I.

The following named parties are made respondents herein, to-wit:

(a) ACE AMERICAN INSURANCE COMPANY, a foreign insurance company

authorized to do and doing business in the State of Louisiana;

(b) GREATWIDE DALLAS MAVIS, LLC, a foreign corporation not authorized to do business in the State of Louisiana incorporated in Delaware; and

(c) JOHN BUCKNER, a person of full age of majority domiciled in Hammond, Indiana.

II.

The above named defendants are responsible and liable jointly, severally, solidarily and vicariously to complainants because of the following:

III.

This action results from a two vehicle collision occurring in Hammond, Tangipahoa Parish, on or about March 21, 2013.

IV.

Complainant, Brigitte Bankston, was the driver of a 2011 Chrysler 200 and was stopped Northbound in traffic on Highway 51 South. At the same time, an 18-wheeler being driven by John Buckner was exiting the Petro Truck Stop located at 2100 South West Railroad Avenue (Highway 51) and was attempting to turn left onto Highway 51 South.

V.

Defendant, John Buckner, failed to observe complainant in the Northbound lane of Highway 51 when he turned into complainant's lane of traffic, resulting in the two vehicles colliding when he entered complainant's lane of traffic.

VI.

Upon the impact and collision, Brigitte Bankston was thrown about in the car.

VII.

As a result of the above accident, complainant, Brigitte Bankston, suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VIII.

Complainant, Brigitte Bankston, has undergone medical treatment since the accident and will undergo further treatment.  Complainant was and still is limited from her normal activities as a result of the accident. The injuries cause her pain and discomfort in her employment.

IX.

The sole and proximate cause of the injuries and damages sustained by complainant was the individual, joint, solidary, concurrent and/or successive negligence of John Buckner, which negligence includes but not limited to, to-wit:

    (a)    failure to maintain a proper look-out;

    (b)    failure to observe existing traffic conditions;

(c)  failure to observe complainant's vehicle in due time in order to avoid hitting same;

(d)  failure to observe due caution;

(e)  driving recklessly;

(f)  failure to maintain control of his vehicle;

(g)  striking complainant's vehicle;

(h)  inattentiveness while driving;

(i)  improper left turn;

(j)  failure to be attentive;

(k)  failure to yield while turning left;

(l)  failing to maintain a safe distance;

(m)  failing to exercise reasonable safety for himself and others traveling on Highway 51;

(n)  failing to slow the 18-wheeler or otherwise maneuver the 18-wheeler so as to avoid colliding with the vehicle in which complainant was a driver;

(o)  violated other unspecified rules, regulations and statutes; and

(p)  other negligence which may be proven at trial of this matter.

IX. A

The defendant, Greatwide Dallas Mavis, LLC, is guilty of the following additional acts of

negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of March 21, 2013, described herein above and the injuries sustained by the plaintiff:

a) negligently and carelessly failed to properly select, train, and or supervise their driver, John Buckner;

b) negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

c) negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

d) negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their driver;

e) negligently and carelessly permitted, allowed, and/or failed to stop their driver from operating motor vehicles in violation of 49 C.F.R. §395.3;

f) negligently and carelessly permitted, allowed, and/or failed to stop their driver, defendant, John Buckner, from violating the rules of 49 C.F.R. §390.35 and 395.8 regarding driver records and logs;

g) negligently and carelessly permitted and allowed their driver, John Buckner, to operate motor vehicles when said driver was experiencing sleep deprivation and/or cumulative fatigue;

h) negligently and carelessly failed to provide periodic systematic safety and/or

        defensive driving training for their driver;

i)     negligently and carelessly failed to provide remedial training of their driver, John Buckner;

j)     negligently entrusted their vehicle to the defendant, John Buckner;

k)     negligent risk management;

l)     any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter; and

m)     negligently allowing or permitting the driver to have passengers in the truck who might distract the driver.

X.

Brigitte Bankston itemizes the damages to which she is entitled as a result of the accident and injury proximately caused by the above described negligence of Greatwide Dallas Mavis, LLC and John Buckner as follows, to-wit:

(a)     Past physical pain, suffering and discomfort

(b)     Past mental anguish, aggravation, and annoyance

(c)     Disability

(d)     Future physical pain, suffering and discomfort

(e)     Future mental anguish, aggravation and annoyance

(f)     Past medical expenses

  (g)  Future medical expenses

  (h)  Past lost wages

  (i)  Future lost wages

  (j)  Property damage

  (k)  Loss of use of vehicle

  (l)  Loss of enjoyment of life

  (m)  Loss of use/function of parts of body

  (n)  Bodily disability

  (o)  Impairment of psychological functioning

  (p)  Disability from engaging in recreation

  (q)  Disability from working to earn an income

  (r)  Destruction of earning capacity

XI.

Complainant, Barry Bankston, because of the injury and accident to his wife, suffered and continues to suffer loss of her consortium, companionship, society and friendship in that she is not the same person that she was before the accident. The injury and accident caused their marriage and their relationship to deteriorate and their intimate marital relationship also changed. Further, he was distressed at the prospect of her not being able to work and worried their income would decrease. Further, he has experienced mental anguish over her injury, and the prospect of future

loss of income, means and livelihood.

XII.

Complainant, Barry Bankston, because of the injuries sustained by his wife, Brigette Bankston, itemizes the damages to which he is entitled to-wit:

(a) Deprivation of the companionship, love, affection, consortium, and society of his wife;

(b) Grief, mental anguish and distress over his wife's injuries;

(c) Grief, mental anguish and distress over his own injuries as a result of the accident and injuries to his wife; and

(d) Loss of support.

XIII.

Complainants strictly reserve the right to amend and supplement this complaint as necessary concerning damages.

XIV.

Ace American Insurance Company had issued a policy of public liability insurance insuring against the negligent operation of a motor vehicle on the date of accident in favor of Greatwide Dallas Mavis, LLC and its employees including John Buckner, under which Buckner is an omnibus insured. As the insurer of the defendant employer and employee driver, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XV.

At the time of the accident, John Buckner was acting in the course and scope of his employment with Greatwide Dallas Mavis, LLC as a truck driver. As the employer of John Buckner, Greatwide Dallas Mavis, LLC is jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence and damages caused by its said employee during the course and scope of said employee's employment.

XVI.

Complainant further specifically pleads the doctrine of res ipsa loquitur in that the accident and injuries and damages would not have occurred in absence of the negligence of John Buckner.

XVII.

Ace American Insurance Company, Greatwide Dallas Mavis, LLC and John Buckner, are jointly, severally, solidarily and vicariously liable and responsible to complainants for the negligence and damages set forth above.

XVIII.

Complainants allege the amount in controversy exceeds $75,000.00, the jurisdictional amount for diversity jurisdiction.

WHEREFORE, complainants pray that defendants be cited and served and that after due proceedings are had there be judgment in favor of complainants, Brigitte Bankston and Barry

Bankston, individually and against the defendants, Ace American Insurance Company, Greatwide Dallas Mavis, LLC and John Buckner, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

    AND FOR ALL GENERAL AND EQUITABLE RELIEF.

    AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

    Respectfully submitted:

    Michael Hingle & Associates, LLC

    /s/ Michael Hingle
    Michael Hingle, #6943
    220 Gause Boulevard
    Slidell, LA 70458
    Telephone: (985) 641-6800
    Fax: (985) 646-1471

**PLEASE SERVE**:

ACE AMERICAN INSURANCE COMPANY
through their agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA  70809

GREATWIDE DALLAS MAVIS, LLC
through the Louisiana long arm statute:
through their agent for service of process:
The Corporation Trust Company
Corporation Trust Center

1209 Orange Street
Wilmington, DE 19801

JOHN BUCKNER
through LA Long Arm
3819 S. Towle Avenue
Hammond, IN 46327